UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL COURT ADMINISTRATION OF THE REPUBLIC OF KOREA,<br><br>Applicant. | Case No. 24-mc-80099-LB<br><br>**ORDER REGARDING PROCEDURE FOR APPLICATION TO SERVE REQUEST FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

The United States of America applied ex parte under 28 U.S.C. § 1782 to obtain discovery from Google LLC., for use in a civil case in the Republic of Korea against the persons responsible for posting an allegedly defamatory video on YouTube. The Korean court is requesting information from Google regarding the party who posted the YouTube video, specifically that person's name, contact information, and account information.[1] Because the undersigned lacks jurisdiction to decide Section 1782 applications without the consent of all parties, this order sets forth a procedure to position the matter for decision.

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for

---

[1] Appl – ECF No. 1 at 2; Mem. – ECF No. 1-1 at 2–3, 8. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-mc-80099-LB

use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). An ex parte application is an acceptable method for seeking discovery pursuant to Section 1782. *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (subpoenaed parties may raise objections and exercise their due-process rights by moving to quash the subpoenas). That said, "a magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). And Section 1782 applications are case-dispositive matters. *Id.* at 807–08. Without the consent of all parties, the undersigned lacks jurisdiction to enter an order resolving the application. Accordingly, the following procedure is ordered to properly position the matter for decision.

First, within seven days of this order, the United States must file a statement indicating whether he wants the application to be considered ex parte. If the undersigned determines that the matter should be considered ex parte, then the matter will be randomly reassigned to a district judge.

Second, if the United States does not ask for the application to be considered ex parte, it must, again within seven days of this order, serve Google LLC with (1) this order and (2) the application and all associated documents (ECF Nos. 1 and 1-1–1-4).

Third, within fourteen days of the date it is served by the United States, Google LLC must serve and file a response to the application. If Google LLC does not do so, then the matter will be randomly reassigned to a district judge.

Fourth, if Google LLC files a response to the application, the court will issue a letter advising that all parties must, within seven days of the letter, file a consent or declination to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Fifth, if all parties consent within that time period, the undersigned will enter an order resolving the application. Otherwise, the matter will be randomly reassigned to a district judge.

**IT IS SO ORDERED.**

Dated:

LAUREL BEELER
United States Magistrate Judge